# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HECTOR TIRADO, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO.  3:09cv1370 (MRK) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

### RULING AND ORDER

Petitioner Hector Tirado has filed a Motion to Vacate, Set Aside, or Correct Sentence [doc. # 1] pursuant to 28 U.S.C. § 2255, in which he asserts that his counsel was ineffective for failing to argue that the disparity in the recommended sentences for powder and crack cocaine resulted in a harsher than necessary sentence of incarceration for Mr. Tirado.  On September 4, 2009, the Court issued an Order to Show Cause [doc. # 2].  The Government's Response [doc. # 3], filed on October 5, 2009,  urges the Court to deny the petition on the grounds that not only did Mr. Tirado' s attorney argue that the crack/powder disparity justified a non-Guidelines sentence, but that the Court, in imposing a non-Guidelines sentence, specifically took the crack/powder disparity into account.  The Court agrees with the Government and DENIES Mr. Tirado' s Motion [doc. # 1].

The Court assumes the parties' familiarity with the facts and procedural history of this case and therefore recites the procedural history only briefly here.  On May 10, 2007, Mr. Tirado waived indictment and pleaded guilty to count one of an information charging him with conspiring to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  *See* Plea Agreement [doc. # 16], *United States v. Tirado*, No. 07cr105 (MRK) (D. Conn. May 10, 2007).  Pursuant to the Plea Agreement, Mr. Tirado admitted to selling

1

approximately 83 grams of crack cocaine and to being responsible for another 175 grams of crack cocaine that was seized by law enforcement.  *See id*.  After taking into account his criminal history; that he was in possession of a firearm when arrested; and that he had apparently accepted responsibility for his actions, it was agreed by both parties that Mr. Tirado had an advisory Sentencing Guidelines imprisonment range of 188 to 235 months.  *See id*., Gov't Sentencing Mem. [doc. # 31] at 6;  *id*., Def.'s Sentencing Mem. [doc. # 33] at 5.  *See generally Gall v. United States*, 128 S. Ct. 586, 596 (2007) (explaining that while the Sentencing Guidelines are no longer mandatory, "district court[s] should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," using it as "the starting point and the initial benchmark").

Mr. Tirado's attorney urged the Court to sentence him to the statutory minimum sentence of 120 months, relying primarily on the disproportionately harsh treatment of crack cocaine in the Sentencing Guidelines.  Citing *United State v. Jones*, 531 F.3d 163, 179-80 (2d Cir. 2008), defense counsel argued that

> [T]he "crack" Guidelines should carry less weight than other, more proportionate Guidelines.  Or, to put it differently, [] the sentence which is "sufficient but not greater than necessary" in a "crack" cocaine case is less likely to be within the Guidelines range than the likelihood that the appropriate sentence in other cases will be within the advisory range.

Def.'s Sentencing Mem. [doc. # 33] at 5, *United States v. Tirado*, No. 07cr105 (MRK) (D. Conn. July 1, 2008).  The Government, on the other hand, asked for a sentence within the Guidelines range, in part because of Mr. Tirado's long criminal history.  *See id*., Gov't Sentencing Mem. [doc. # 31].  In ultimately sentencing Mr. Tirado to a 140-month term of incarceration and 7-year period of supervised release, the Court agreed with defense counsel that the Sentencing Guidelines' treatment of crack cocaine would result in a sentence that was greater than necessary to achieve the purposes

of a criminal sentence under 18 U.S.C. § 3553(a).  *See id.*, Judgment [doc. # 41].  However, the Court did not take defense counsel's invitation to impose the statutory minimum of 120 months because the Court believed it insufficient to serve adequately the purposes of incarceration.  *See id.*

Mr. Tirado now asks that his sentence be reduced pursuant to 28 U.S.C. § 2255.  To obtain relief, Mr. Tirado must show that his  "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  Mr. Tirado alleges that his Sixth Amendment rights were violated because he received ineffective assistance of counsel during the guilty plea negotiations and at the sentencing stage.  Specifically, Mr. Tirado says that his attorney was ineffective because he failed "to provide the court with available law for the court to consider the 20 to 1 [sentencing] ratio" between crack cocaine and power cocaine.[1]  *See* Mot. to Vacate, Set Aside, or Correct Sentence [doc. # 1] at 4.

To establish ineffective assistance of counsel amounting to a Sixth Amendment violation, Mr. Tirado must show that his attorney's performance fell "outside the wide range of professionally competent assistance," *Strickland v. Washington*, 466 U.S. 668, 690 (1983) and that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. It is clear that Mr. Tirado cannot meet this standard.  Mr. Tirado's only argument for why his counsel was ineffective is that his attorney should have presented the Court with arguments and law so that it could consider how the Sentencing Guidelines treat crack cocaine more harshly than other illegal drugs.  But, as is explained above, Mr. Tirado's attorney made precisely these arguments, and it was partially on that basis that the Court decided to impose a non-Guidelines sentence.  Thus, in no way

---

[1] The ratio between the recommended sentences for crack and powder cocaine offenses is actually 100-to-1.

was Mr. Tirado's counsel ineffective, and his current argument to the contrary is unavailing.

The remaining issue is whether to grant a certificate of appealability ("COA").  For a COA to issue,  Mr. Tirado must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Mr. Tirado need not show that he would prevail on the merits, but rather that "reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2002).  The Court is confident that its denial of Mr. Tirado's motion is correct.  Therefore, the Court will not issue a COA.

If Mr. Tirado wishes to appeal this Court's order, he must file his Notice of Appeal no later than 30 days from the date on which judgment is entered.  *See* Fed. R. App. Proc. 4(a).  "[E]ven where the District Court has declined to issue a COA, [the Second Circuit] may nonetheless issue a COA if petitioner can make the necessary showing that jurists of reason would find it debatable whether the district court was correct in its . . . ruling."  *Rhagi*, 309 F.3d at 106 (quotation marks omitted).

For the reasons set forth above, Mr. Tirado's Motion to Vacate, Set Aside, or Correct Sentence [doc. # 1] is DENIED.  **The Clerk is directed to close this file.**

IT IS SO ORDERED.

/s/ _____Mark R. Kravitz_____
United States District Judge

**Dated at New Haven, Connecticut: November 2, 2009.**

4